IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JIMMY S. LAWAL,** | |
| **Plaintiff,** | |
| **v.** | **1:04-cv-0913-WSD** |
| **WINNERS INTERNATIONAL RESTAURANTS COMPANY OPERATIONS, INC.,** | |
| **Defendant.** | |

## ORDER

This matter is before the Court on Plaintiff Jimmy S. Lawal's ("Plaintiff")

Motion for Recusal [67], Defendant Winners International Restaurants Company

Operations, Inc.'s ("Defendant") Motion for Sanctions [70] and Plaintiff's

Emergency Motion for an Immediate Ruling [75].

## I.   BACKGROUND

Defendant operates quick service chicken restaurants under the name "Mrs.

Winners."  On or about December 17, 2002, Plaintiff began his employment with

Defendant.  After completing training, on May 12, 2003, Plaintiff became a General

Manager.  In October 2003, Plaintiff was transferred to an Assistant Manager

position, although he was still paid as if he were a General Manager.  On December

10, 2003, purportedly on the basis of Plaintiff's violation of company policy and

performance problems, Plaintiff's employment with Defendant was terminated.

On April 2, 2004, Plaintiff filed his Complaint in this action, asserting claims

against his former employer, Defendant Winners, and his former supervisor,

Defendant Debra Wilson.  Plaintiff asserted the following causes of action against

Defendants:  (i) wrongful discharge, (ii) violation of Defendant Winners' internal

policies, (iii) conspiracy to defraud, (iv) intentional infliction of emotional distress,

(v) defamation, (vi) failure to pay overtime, (vii) failure to approve vacation pay and

(viii) violations of the federal Racketeer Influenced and Corrupt Organizations Act

("RICO") and Georgia RICO.  On March 22, 2005, the Court dismissed all of

Plaintiff's claims, with the exception of Plaintiff's claim against Defendant Winners

for overtime pay.

On September 28, 2005, the Court denied Defendant's motion for summary

judgment on Plaintiff's only remaining claim for failure to pay overtime.  Defendant

argued Plaintiff's claim fails because he was exempt from the overtime pay

requirements of the Fair Labor Standards Act (the "FLSA").  Specifically,

Defendant claimed Plaintiff qualified as an exempt, executive employee because he

was paid on a salary basis and his primary duty was managerial.  In response, Plaintiff submitted an affidavit that his pay was subject to reduction because of variations in the quantity of work performed.  If true, this fact would support Plaintiff's view that he was entitled to overtime pay because he did not qualify as an exempt employee under the FLSA.  Viewing the evidence in the light most favorable to Plaintiff, the Court found summary judgment for Defendant on Plaintiff's remaining claim was not appropriate.

The Court, however, noted that Defendant made numerous unsuccessful attempts to obtain discovery from Plaintiff during the discovery period, including attempting to take Plaintiff's deposition, and that the discovery sought by Defendant may well clarify the record on whether Plaintiff was an exempt employee.  Because Plaintiff's objections to the discovery sought by Defendant were improper, and Defendant sought the Court to require Plaintiff to respond to the discovery during the discovery period, the Court reopened discovery on the limited issue of whether Plaintiff was exempt from the overtime pay requirements of the FLSA.

The Court provided the following schedule for the parties to conduct the remaining, limited discovery:

1.     Plaintiff shall, on or before October 20, 2005, fully respond to the Defendant's First Requests for Production of Documents to Plaintiff and Defendants' First Interrogatories to Plaintiff which were served by Defendant prior to the close of discovery.

2.     Plaintiff shall, on or before November 4, 2005, make himself available to be deposed by Defendant.  Plaintiff shall be available for deposition for one day.  The deposition shall begin at 9:00 a.m. and shall conclude no later than 5:30 p.m.  The parties shall schedule the deposition on or before October 24, 2005, and advise the Court of the deposition date when it has been determined.

3.     No other discovery may be conducted without the Court's express permission upon a showing of good cause for the requested discovery.

(Sept. 28, 2005 Order at 12-13.)  The Court twice warned Plaintiff of the consequences of failing to abide by the Court's Order:

- "Plaintiff . . . is cautioned that failure to comply with the Court's Order will result in sanctions and could result in dismissal of this action."

- "Plaintiff's failure to comply with this Order may result in dismissal of this action pursuant to Local Rule 41.3A(2)."

(Id. at 10, 13.)

-4-

Since the September 28, 2005 Order was issued, Defendant attempted to schedule Plaintiff's deposition.  Plaintiff refused to be deposed and failed to respond to Defendant's outstanding discovery requests.  (See Def.'s Mot. for Sanctions; Def.'s Supplemental Br. in Support of Mot. for Sanctions; Pl.'s Resp. to Def.'s Mot. for Sanctions.)  Because Plaintiff failed to comply with the Court's Order, Defendant filed a motion for sanctions requesting the Court to dismiss Plaintiff's remaining claim.  Plaintiff did not oppose Defendant's motion and does not dispute that he refuses to comply with the Court's Order.  Instead, Plaintiff requests the Court to recuse itself from this case.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Recuse

The Court first will address Plaintiff's repeated filings to request the Court to recuse itself from this case.  On July 28, 2004, Plaintiff filed his first "Motion to Re-assign the Above Case Number to Another Judge" [22].  Plaintiff claimed Defendant "had engaged in ex-parte communications by attempting to have this case transferred" to this Court, and complained that Charles Gartland, formerly one of Defendants' attorneys, is one of this Court's law clerks and that Plaintiff will not be able to get a fair trial in this Court.  (Mot. to Re-assign at 1-2.)  On October 8,

2004, the Court denied Plaintiff's motion to re-assign the case, noting that "Mr. Gartland has not and will not work on this case in any capacity as law clerk for Judge Duffey, and this Court has prohibited any communication with, or dissemination of information to, Mr. Gartland about this litigation."  (Oct. 8, 2004 Order [40] at 1-2.)

On October 5, 2005, Plaintiff filed an "Affidavit for Motion Renew for Court to Recuse Self from this Case" ("Pl.'s Aff. for Recusal") [67].  Plaintiff contends "the evidence shows that Charles Gartland had . . . ex-parte communications with record clerk demanding this case be transferred to [J]udge Duffey, despite the objections from the court clerks."  (Pl.'s Aff. for Recusal at 1.)  Plaintiff claims that "upon visiting the court clerk to investigate why the case was moved to Judge Duffey, the court clerk informed plaintiff that Judge Duffey['s] new Law Clerk demanded the case be moved to Judge Duffey."  (Id. at 2.)  Plaintiff also claims the Court has ruled repeatedly in Defendant's favor and that Plaintiff cannot get a fair trial in this Court.  (Id. at 3.)

On December 1, 2005, Plaintiff filed an "Emergency Brief in Support of Motion for Recusal" ("Pl.'s Emergency Br.") [74], and, on March 1, 2006, Plaintiff filed an "Emergency Motion for an Imm[e]diate Ruling" ("Pl.'s Emergency Mot.")

[75].[1]  Plaintiff claims the Court "has continued an abuse and misuse [of] its legal

authority for the privilege and succor of the defendant[']s counsel in the above[-

]styled cause of action," and moves the Court to recuse itself pursuant to 28

U.S.C. § 144.  (Pl.'s Emergency Br. at 1, 3.)

        Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court
> makes and files a timely and sufficient affidavit that the
> judge before whom the matter is pending has a personal
> bias or prejudice either against him or in favor of any
> adverse party, such judge shall proceed no further
> therein, but another judge shall be assigned to hear such
> proceeding.

28 U.S.C. § 144.[2]  Once the motion and affidavit is filed under Section 144, the

factual allegations must be taken as true for purposes of recusal, and the Court

must rule on the legal sufficiency of the affidavit.  Phillips v. Joint Legislative

Comm. on Performance & Expenditure, 637 F.2d 1014, 1019 (5th Cir. 1981);

Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976) ("Neither the truth of the

allegations nor the good faith of the pleader may be questioned, regardless of the

---

[1]  On April 3, 2006, Plaintiff filed an "Emergency Notice of Interloc[u]tory
Appeal to the Eleventh Circuit Court of Appeals" [76].

[2]  Section 144 provides that "[a] party may file only one such affidavit in any
case."  28 U.S.C. § 144.

judge's personal knowledge to the contrary."). "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); Bell v. Chandler, 569 F.2d 556, 559 (10th Cir. 1978). "The facts must show the bias is personal, as opposed to judicial in nature." Phillips, 637 F.2d at 1019; Brown v. Alabama, 740 F. Supp. 819, 821 (N.D. Ala. 1990) ("[I]t is settled law that the bias alleged in a § 144 affidavit must be *personal bias against the affiant* or in favor of an adverse party.").

Plaintiff's allegations of bias are based on (i) the employment of one of Defendants' former attorneys as a law clerk in this Court and (ii) numerous rulings unfavorable to Plaintiff which Plaintiff believes are erroneous.

The Court first addresses Plaintiff's contention that the Court should recuse itself from this case because Mr. Gartland is a law clerk in this Court. "A judge is not necessarily forbidden . . . to do all that is prohibited to each of his clerks. If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." Hunt v. Am. Bank & Trust Co., 783 F.2d 1011, 1015-16 (11th Cir. 1986). Section 144 requires a party to demonstrate the "*judge* before whom the

matter is pending has a *personal* bias or prejudice . . . ."  28 U.S.C. § 144

(emphasis added).[3]

Here, Plaintiff has not made an allegation that the district judge is personally

biased or prejudiced in this matter.  Instead, Plaintiff's complaints are directed at a

law clerk who was specifically isolated from participating in this case.[4]  At the

_____

[3]  In Byrne v. Nezhat, 261 F.3d 1075, 1102 (11th Cir. 2001), the Court specifically approved of the district judge's isolation of an interested law clerk from a particular case and held the district court did not abuse its discretion in denying a motion for recusal.  "Because precedent approves the isolation of a law clerk who has accepted future employment with counsel appearing before the court, it follows that isolating a law clerk should also be acceptable when the clerk's former employer appears before the court."  Id. at 1102; see also Hunt, 783 F.2d at 1016 (holding the district judge was not required to recuse himself because two of his law clerks accepted offers of employment from the law firm representing a party in the case; "the record indicates that neither of the two clerks in question worked on the case or even talked with the judge about it to any significant extent").  Both Hunt and Byrne arise in the context of an inquiry under 28 U.S.C. § 455(a).  However, the holdings and reasoning of these cases are applicable to this matter.

[4]  The Court accepts as true the allegations set forth in Plaintiff's affidavit in support of recusal, including Plaintiff's allegation that "the court clerk informed plaintiff that Judge Duffey['s] new Law Clerk demanded the case be moved to Judge Duffey."  (Pl.'s Aff. for Recusal at 2.)  The Court reminds Plaintiff that his affidavit was made under oath, and further notes this case was assigned to this Court on July 15, 2004, thirteen days *before* Mr. Gartland began his employment with the Court.  (See Mot. to Withdraw [21] at 2.)  This case was randomly selected from the civil cases pending in the district along with approximately 290 other cases which were on July 15, 2004, assigned to this Court as its initial docket after the Court was sworn in as a district judge.

outset of the Court's consideration of this matter, the Court specifically stated "Mr.

Gartland has not and will not work on this case in any capacity as law clerk for

Judge Duffey, and this Court has prohibited any communication with, or

dissemination of information to, Mr. Gartland about this litigation."  (Oct. 8, 2004

Order at 1-2.)  Mr. Gartland's involvement in this litigation before his employment

as a law clerk, and subsequent isolation from the case, do not require the Court to

recuse itself in this matter.  See Hunt, 783 F.2d at 1015-16 ("If a clerk has a

possible conflict of interest, it is the clerk, not the judge, who must be

disqualified."); Byrne, 261 F.3d at 1102 (approving of district judge's isolation of

an interested law clerk from a particular matter).[5]

Plaintiff's only remaining basis for disputing the Court's impartiality is his

disagreement with the orders issued in this case.  Plaintiff's disagreement with the

Court's rulings in this action is not a sufficient predicate for recusal; a contrary rule

---

[5]  Plaintiff claims Mr. Gartland's influence on the case is demonstrated by the Court's rulings which "reflect[] the stand Mr. Gartland took" while employed by the defendants.  (Pl.'s Aff. for Recusal at 2.)  This conclusory argument is not based on any fact or reasonable inference and is not a basis for the Court to recuse itself in this case.

would enable any party to move for recusal after obtaining an unfavorable ruling.[6]

See Byrne, 261 F.3d at 1103 ("Precedent clearly holds that adverse rulings alone do

not provide a party with a basis for holding that the court's impartiality is in

doubt.").

Plaintiff's requests for recusal must be denied because Plaintiff fails to

present any facts which, if true, would convince a reasonable man that bias exists.

"A trial judge has as much obligation not to recuse himself when there is no reason

to do so as he does to recuse himself when the converse is true."  United States v.

Bray, 546 F.2d 851, 857 (10th Cir. 1976).

B.      Defendant's Motion for Sanctions

Defendant moves the Court for sanctions against Plaintiff for his failure to

comply with the Court's September 28, 2005 Order.  Defendant claims dismissal of

Plaintiff's claim is appropriate because Plaintiff (i) failed to provide the discovery

---

[6]   Construing Plaintiff's motion liberally as a motion for disqualification
under 28 U.S.C. § 455, the Court finds that Section 455 does not require recusal in
this case.  "Under § 455, the standard is whether an objective, fully informed lay
observer would entertain significant doubt about the judge's impartiality."  Christo,
223 F.3d at 1333.  For the reasons stated in the Court's analysis under Section
144, the Court finds no reasonable observer with knowledge of all the relevant facts
would question the Court's impartiality in this case.

responses required by the Court's Order, and (ii) failed to respond to Defendant's attempt to schedule Plaintiff's deposition by the Court-imposed deadline.

The Court explicitly set forth Plaintiff's obligations in conducting the remaining discovery. The Court ordered Plaintiff to respond to Defendant's requests for production and interrogatories, and to cooperate with Defendant to schedule Plaintiff's deposition. The Court specifically warned Plaintiff that his failure to comply with the Court's Order could result in dismissal of his remaining claim.

The record demonstrates Plaintiff wilfully failed to comply with the Court's Order. Plaintiff never provided Defendant with responses to Defendant's outstanding discovery requests. (Def.'s Mot. for Sanctions at 2.) Defendant also sent to Plaintiff a letter requesting Plaintiff to appear for a deposition on October 31, 2005, and providing two alternate dates for Plaintiff to consider. (See Oct. 20, 2005 Letter, attached as Ex. A to Def.'s Mot. for Sanctions.) In response, Plaintiff stated: "[B]efore you can take my deposition, you must also agree[] to tender your clients for their own depositions as well[,] or wait[] until the court recuses [it]self, or for the court to dismiss the case, then we move to [the] appellate court. The

choice is yours."  (Oct. 24, 2005 Letter, attached as Ex. A to Def.'s Supplemental Br. in Support of Mot. for Sanctions [71].)

Local Rule 41.3 authorizes the Court to dismiss a case for want of prosecution if a party, after notice, fails or refuses to obey a lawful order of the Court.  L.R. 41.3(A)(2), N.D.Ga.; see also Fed. R. Civ. P. 41(b).  "However, because the penalty is so drastic, a district court may dismiss a case with prejudice only where there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993).

Similarly, Federal Rule of Civil Procedure 37(b)(2)(C) provides that if a party fails to obey an order to provide or permit discovery, the Court may enter such order in response to the failure as is just, including an order "dismissing the action or proceeding or any part thereof . . . ."  Dismissal with prejudice is the most severe Rule 37 sanction and ordinarily it is not favored.  See Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  However, dismissal "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."  Id.  The severe sanction of dismissal is appropriate only upon a finding that lesser sanctions would not ensure compliance with the Court's orders.  Id. at 791.

In this case, Plaintiff refuses to be deposed or to provide discovery in accordance with the Court's Order.  The Court specifically warned Plaintiff that if he failed to comply with the Court's Order then his action could be dismissed pursuant to Local Rule 41.3.  Plaintiff apparently understands his obligations, (see Pl.'s Emergency Br. at 2 (stating the Court "ordered the defendants to depose plaintiff" and "granted defendant[']s [motion] to obtain discovery from the plaintiff")), but appears to knowingly choose dismissal of his claim over cooperation in this litigation.  (See Oct. 24, 2005 Letter ("[I]f [J]udge Duffey does issue an order dismissing the case . . . the appeal will be much easier and quicker as I am not afraid of dismissal threat, because the case will come back to another judge sooner or later.").)

Having reviewed the record in this case, the Court finds that Plaintiff's failure to comply with the Court's Order is due to Plaintiff's wilfulness and bad faith, and that lesser sanctions will not suffice to ensure compliance with the Court's orders. See generally Phipps, 8 F.3d at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the

-14-

case."); <u>Hepperle v. Johnston</u>, 590 F.2d 609, 613 (5th Cir. 1979) (holding dismissal is appropriate sanction for plaintiff's refusal to appear for a deposition when plaintiff "not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear").  Accordingly, pursuant to Local Rule 41.3(A)(2) and Federal Rule of Civil Procedure 37(b)(2)(C), the Court finds Plaintiff's remaining claim should be dismissed with prejudice.

Defendant also requests the Court order Plaintiff to pay Defendant's reasonable costs, including attorneys' fees, incurred in bringing Defendant's Motion for Sanctions.  Rule 37(b)(2) provides, in pertinent part:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

In its September 28, 2005 Order, the Court denied Defendant's request for reasonable costs and attorney's fees incurred in bringing Defendant's multiple discovery motions.  The Court found Plaintiff failed to state valid grounds for objecting to Defendant's proper discovery requests, but "[b]ecause Plaintiff is

-15-

proceeding pro se in this action, the Court declines to award Defendant costs and

fees incurred in these discovery disputes.  Plaintiff, however, is cautioned that

failure to comply with the Court's Order will result in sanctions and could result in

dismissal of this action."  (Sept. 28, 2005 Order at 10.)

Plaintiff understood his obligation to provide discovery to Defendant and to

appear for his deposition.  (Pl.'s Emergency Br. at 2.)  Plaintiff failed to comply, or

make any effort to comply, with the Court's Order.  The record in this case

demonstrates Plaintiff's blatant disregard for the Court and its orders, and the

Court finds Plaintiff's failures were not justified.  However, the litigant here is

*pro se* and the Court concludes that the cost to Defendant to process its sanction

request when weighed against the limited activity Defendant performed to prosecute

its current motion, mitigate in favor of disallowing attorneys' fees and costs.

## III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions [70] is

**GRANTED**.  This action is hereby **DISMISSED WITH PREJUDICE** and the

Clerk is **DIRECTED** to close this case.

-16-

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court to Recuse Self from this Case [67] and Plaintiff's Emergency Motion for an Immediate Ruling [75] are **DENIED**.

**SO ORDERED**, this 6th day of April, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE